IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SOBEIDA IRIZARRY-SANTIAGO,

**Plaintiff**,

**v.**                                          **CIVIL NO.** 12-1098 (FAB)

ESSILOR INDUSTRIES, division
of ESSILOR INTERNATIONAL; and
FRANCOIS DETERRE,

**Defendants.**

MEMORANDUM AND ORDER[1]

BESOSA, District Judge.

Before the Court is the motion to dismiss pursuant to Federal
Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") of defendants
Essilor Industries ("defendant Essilor") and Francois Deterre
("defendant Deterre") for failure to state a claim upon which
relief can be granted. (Docket No. 24.) Defendants seek to
dismiss plaintiff Sobeida Irizarry-Santiago ("plaintiff
Irizarry")'s state law claims against defendant Deterre for
discrimination pursuant to Law No. 100 of June 30, 1959, P.R. Laws
Ann. tit. 29, § 194a *et seq.* ("Law 100"), retaliation pursuant to
Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194
("Law 115"), and a state tort claim in violation of Article II
§§ 1, 8 and 16 of the Constitution of the Commonwealth of Puerto

---

[1]   Patrick M. Mahoney, a second-year law student at
Northeastern School of Law, assisted in the preparation of this
memorandum and order.

Civil No. 12-1098 (FAB)                                                    2

Rico.  (Docket No. 1, at pp. 20-23.)   Having considered the
complaint, (Docket No. 1), as well as the arguments contained in
plaintiff Irizarry's oppositions, (Docket Nos. 25 & 31), and
defendants' reply, (Docket No. 28), the Court **DENIES** defendants'
motion to dismiss and exercises supplemental jurisdiction over the
state law claims against defendant Deterre.

I.    **BACKGROUND**

      A.    **Factual Background**

            Plaintiff Irizarry bases her age and national origin
discrimination claims on the alleged discriminatory actions and
comments of her supervisor, defendant Deterre.  She further alleges
that defendant Deterre's actions created a hostile work environment
and resulted in a reduction in her job responsibilities and
compensation.  She alleges that the discriminatory actions she
experienced began shortly after defendant Deterre became General
Manager,[2] and that the alleged discriminatory actions listed in her
complaint both created a hostile work environment and were the
cause of her reduced compensation and limited opportunities for
career advancement.  (See Docket No.1 at pp. 5-17.)

            The Court draws the following facts from plaintiff
Irizarry's complaint, and takes them as true for the purpose of

_____

      [2] In 2008, defendant Deterre was transferred to defendant
Essilor's Puerto Rico location to assume the role of general
manager. (See Docket 1 at p. 3.)

resolving the defendants' motion to dismiss, see Iqbal, 129 S.Ct.
at 1950:

       Defendant Deterre stated that a younger employee was more
mentally agile and faster than plaintiff Irizarry, (Docket No. 1 at
p. 6); he made comments about plaintiff Irizarry's older co-worker,
stating that she was "old" and "slow", id. at pp. 6-7; defendant
Deterre told plaintiff Irizarry that because of her age, she would
not advance from her position within the company, id. at p. 8; he
commented to plaintiff Irizarry that given her age, she should not
have to worry about problems with her husband, id.; and defendant
Deterre assigned plaintiff Irizarry's job functions to younger
employees. Id. at p. 6. Defendant Deterre also stated that Puerto
Rican employees are not up to the tasks assigned to them, id. at
p. 8; he opined that engineers from Puerto Rico do a poor job
compared to French engineers, id.; he said that Puerto Rican
employees were not permitted to have the benefit of a company car
because that benefit is only for French employees, id. at p. 9;
defendant Deterre granted benefits to employees of a different
national origin than plaintiff Irizarry while denying her similar
benefits, id. at pp. 9, 12-13; and when plaintiff Irizarry
complained about these discriminatory actions, defendant Deterre
gave her a poor work evaluation and informed her that she would not
have a future with the company. Id. at p. 8.

Civil No. 12-1098 (FAB)                                          4

   **B.   Procedural History**

        On February 14, 2012, plaintiff Irizarry filed a
complaint against her employer, defendant Essilor, alleging, *inter
alia*, national origin discrimination, harassment, and retaliation
pursuant to Title VII of the Civil Rights Act of 1964 ("Title
VII"), 42 U.S.C. § 2000e; and age discrimination pursuant to the
Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.
(Docket No. 1 at pp. 18-19.)  In addition to her Title VII and ADEA
claims, plaintiff Irizarry pled against both defendants (1) state
law claims for discrimination pursuant to Law 100;(2) retaliation
pursuant to Law 115; and (3) a state tort claim. (Docket No. 1. at
pp. 20-23.)  On January 18, 2013, defendants brought a Rule
12(b)(6) motion to dismiss arguing:  (1) that Title VII and the
ADEA statutes do not provide an avenue for individual liability;
and (2) that because no federal claim exists as to defendant
Deterre, the Court does not enjoy jurisdiction over him.  (Docket
No. 24.)  Plaintiff Irizarry opposed defendants' motion to dismiss
on January 21, 2013.  (Docket No. 25.)  In her reply, she points
out that she only named her employer defendant Essilor in the Title
VII and ADEA claims and did not include defendant Deterre as a co-
defendant.  Id. at p. 1.  Plaintiff Irizarry does not dispute
individual liability under Title VII or ADEA; indeed, in her
complaint, she seeks for the Court to exercise supplemental
jurisdiction over the state law claims against defendant Deterre,

contending that those claims arise out of the same nucleus of
operative facts as the Title VII and ADEA claims that invoked
original jurisdiction.[3] Id. at p. 2.

On January 25, 2013, defendants filed a reply to
plaintiff Irizarry's opposition. (Docket No. 28.)  In their reply,
they reiterate the same conclusory argument that the Court should
dismiss the state law claims against defendant Deterre simply
because there is no individual liability under Title VII or ADEA
claims.  Id. at pp. 1-2.  Additionally, defendant Deterre raises a
new argument questioning the sufficiency of the pleading of
plaintiff Irizarry's Law 115 retaliation claim.[4] Id. at p. 3.  In
plaintiff Irizarry's sur-reply, she re-alleges the facts in her
complaint, and cites legal authority for her position that the
Court should exercise supplemental jurisdiction. (Docket No. 31 at
pp. 1-8.)

---

[3] She argues that supplemental jurisdiction exists under 28
U.S.C. § 1367, and that the Court can hear the claims arising under
the laws of Puerto Rico against both defendant Essilor and against
defendant Deterre in his individual capacity.  (Docket No. 28.)

[4] The Court notes that pursuant to Local Rule 7(c), a reply
memorandum "shall be strictly confined to replying to new matters
raised in the objection or opposing memorandum."  In defendants'
original Rule 12(b)(6) motion, they failed to address the
sufficiency of the pleadings in plaintiff Irizarry's complaint.
Instead, they chose to limit the grounds for their Rule 12(b)(6)
motion to the claims against defendant Deterre based on a lack of
individual liability under Title VII and ADEA.  The defendants' new
arguments raised in their reply memorandum, therefore, cannot
properly be considered.  See Local Rule 7 (c).

## II.   RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint that fails
to state a claim upon which relief can be granted.   When
considering a Rule 12(b)(6) motion, a "court must view the facts
contained in the pleadings in the light most favorable to the
nonmovant and draw all reasonable inferences therefrom." R.G. Fin.
Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006).   "[A]n
adequate complaint must provide fair notice to the defendants and
state a facially plausible legal claim."   Ocasio-Hernandez v.
Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).   When faced with a
motion to dismiss, "[a] plaintiff is not entitled to 'proceed
perforce' by virtue of allegations that merely parrot the elements
of the cause of action." Id. at 12 (quoting Ashcroft v. Iqbal, 129
S.Ct. 1937, 1950 (2009)).   Any "[n]on-conclusory factual
allegations in the complaint[, however,] must . . . be treated as
true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d
at 11 (citing Iqbal, 129 S.Ct. at 1951).   Where those factual
allegations "'allow[ ] the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged,' the claim
has facial plausibility."   Ocasio-Hernandez, 640 F.3d at 11
(quoting Iqbal, 129 S.Ct. at 1949).   Furthermore, a court may not
"attempt to forecast a plaintiff's likelihood of success on the
merits; 'a well-pleaded complaint may proceed even if . . . a
recovery is very remote and unlikely.'" Ocasio-Hernandez, 640 F.3d

at 13 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).   The relevant inquiry, therefore, "focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." <u>Ocasio-Hernandez</u>, 640 F.3d at 13.

## III. DISCUSSION

### A.   Title VII and ADEA Claims Against Defendant Deterre

Defendants' Rule 12(b)(6) motion is limited to a single defense, that because individual liability is not available under Title VII and the ADEA, the state law claims against defendant Deterre should be dismissed.   (Docket No. 24 at pp. 4-5.)   The Court finds defendants' argument unavailing, however, because plaintiff Irizarry never brought a Title VII or ADEA claim against defendant Deterre in the first place.   (Docket No. 1 at pp. 18-20.) Defendant Deterre's motion to dismiss the Title VII and ADEA claims is therefore moot.

Defendant Deterre further contends that because he can not be a party to the federal claims that invoked original jurisdiction pursuant to 28 U.S.C. § 1331, the Court has no jurisdiction over the state law claims alleged against him. Relying on <u>Newman v. Burgin</u>, 930 F.2d at 955, 963 (1st Cir. 1991), defendant Deterre would have the Court believe that without a federal question against defendant Deterre, the Court lacks a basis for holding jurisdiction over the state law claims against him.

(Docket No. 24 at p. 7.)  Defendant Deterre's interpretation of
Newman, however, is misplaced.  In Newman, a plaintiff invoked the
court's original jurisdiction under a federal Due Process claim and
brought state law claims against plaintiff's co-workers for
tortious interference with a contract and slander.  930 F.2d
at 955.  The district court dismissed the Due Process claim at
summary judgment, thereby eliminating the federal question which
had invoked its original subject matter jurisdiction.  This left
only the state law claims against the plaintiff's co-workers, and
the court reasoned that without a substantial federal question it
would not exercise jurisdiction over the remaining state law
claims.  Id. at 963.  In contrast to Newman, in this case the Court
still enjoys original jurisdiction over plaintiff Irizarry's Title
VII and ADEA claims against defendant Essilor because they present
a federal question.  Accordingly, Newman is not applicable.

        Given that the Court enjoys original jurisdiction over
her federal claims against defendant Essilor, plaintiff Irizarry
requests that the Court exercise supplemental jurisdiction over the
state law claims against defendant Deterre.  She contends that
supplemental jurisdiction is appropriate because both the state and
federal claims against defendant Essilor and defendant Deterre are
founded on the same operative set of facts.  (Docket No. 25 at
p. 2.)  The Court thus turns to an analysis of whether exercising

supplemental jurisdiction over the state law claims brought against defendant Deterre is warranted.

**B.    State Law Claims Against Defendant Deterre**

The Court finds that exercising supplemental jurisdiction over the state law claims against defendant Deterre is appropriate because they arise from the same nucleus of operative fact as her Title VII and ADEA claims against defendant Essilor.  Pursuant to 28 U.S.C.§ 1367(a), a district court may exercise supplemental jurisdiction over a claim that is "so related to claims in the action within such original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution."  Because neither cause of action has been dismissed, the Court has original jurisdiction over plaintiff Irizarry's Title VII action for national origin discrimination and retaliation as well as her ADEA action for age discrimination against defendant Essilor.  In the pleadings, plaintiff Irizarry bases her Title VII and ADEA claims on the actions of her supervisor, defendant Deterre.  She alleges that he treated younger employees more favorably than her because of her old age; made derogatory comments regarding her age; explained that because of her age she would not advance in the company; and denied benefits to plaintiff Irizarry that were granted to an employee of a different national origin. (Docket No. 1 at pp. 5-15.)  Plaintiff Irizarry also contends that when she reported these instances to human resources, she received

Civil No. 12-1098 (FAB)                                                    10

a negative job evaluation, and her future in the company was threatened. Id. at p. 8. Plaintiff Irizarry bases the grounds for her state law claims against defendant Deterre on the same facts pleaded in her Title VII and ADEA complaint against defendant Essilor. Id. at pp. 1-17. Because plaintiff Irizarry's federal and state law claims are based on the actions of defendant Deterre, the Court finds that both claims are substantially related and arise out of the same set of operating facts. In the exercise of its discretion, therefore, the Court finds that supplemental jurisdiction over the state law claims against defendant Deterre is warranted, pursuant to 28 U.S.C. § 1367. See Vera-Lozano v. Int'l. Broadcasting, 50 F.3d 67, 70 (1st Cir. 1995). Accordingly, defendants' motion to dismiss the state law claims against defendant Deterre is **DENIED**.

**IV. CONCLUSION**

For the reasons discussed above, the Court **DENIES** the defendants' motion to dismiss and exercises supplemental jurisdiction over plaintiff Irizarry's state law claims against defendant Deterre.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 13, 2013.

                                        s/ Francisco A. Besosa
                                        Francisco A. Besosa
                                        United States District Judge