IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SOBEIDA IRIZARRY-SANTIAGO,<br><br>**Plaintiff**,<br><br>v.<br><br>ESSILOR INDUSTRIES, division of ESSILOR INTERNATIONAL; and FRANCOIS DETERRE,<br><br>**Defendants**. | CIVIL NO. 12-1098 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") of defendants Essilor Industries ("defendant Essilor") and Francois Deterre ("defendant Deterre") for failure to state a claim upon which relief can be granted. (Docket No. 24.)  Defendants seek to dismiss plaintiff Sobeida Irizarry-Santiago ("plaintiff Irizarry")'s state law claims against defendant Deterre for discrimination pursuant to Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 194a *et seq*. ("Law 100"), retaliation pursuant to Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194 ("Law 115"), and a state tort claim in violation of Article II §§ 1, 8 and 16 of the Constitution of the Commonwealth of Puerto

---

[1] Patrick M. Mahoney, a second-year law student at Northeastern School of Law, assisted in the preparation of this memorandum and order.

Rico.  (Docket No. 1, at pp. 20-23.)  Having considered the complaint, (Docket No. 1), as well as the arguments contained in plaintiff Irizarry's oppositions, (Docket Nos. 25 & 31), and defendants' reply, (Docket No. 28), the Court **DENIES** defendants' motion to dismiss and exercises supplemental jurisdiction over the state law claims against defendant Deterre.

**I.   BACKGROUND**

   **A.   Factual Background**

Plaintiff Irizarry bases her age and national origin discrimination claims on the alleged discriminatory actions and comments of her supervisor, defendant Deterre.  She further alleges that defendant Deterre's actions created a hostile work environment and resulted in a reduction in her job responsibilities and compensation.  She alleges that the discriminatory actions she experienced began shortly after defendant Deterre became General Manager,[2] and that the alleged discriminatory actions listed in her complaint both created a hostile work environment and were the cause of her reduced compensation and limited opportunities for career advancement.  (See Docket No.1 at pp. 5-17.)

The Court draws the following facts from plaintiff Irizarry's complaint, and takes them as true for the purpose of

---

[2] In 2008, defendant Deterre was transferred to defendant Essilor's Puerto Rico location to assume the role of general manager. (See Docket 1 at p. 3.)

resolving the defendants' motion to dismiss, see Iqbal, 129 S.Ct. at 1950:

> Defendant Deterre stated that a younger employee was more mentally agile and faster than plaintiff Irizarry, (Docket No. 1 at p. 6); he made comments about plaintiff Irizarry's older co-worker, stating that she was "old" and "slow", id. at pp. 6-7; defendant Deterre told plaintiff Irizarry that because of her age, she would not advance from her position within the company, id. at p. 8; he commented to plaintiff Irizarry that given her age, she should not have to worry about problems with her husband, id.; and defendant Deterre assigned plaintiff Irizarry's job functions to younger employees. Id. at p. 6.  Defendant Deterre also stated that Puerto Rican employees are not up to the tasks assigned to them, id. at p. 8; he opined that engineers from Puerto Rico do a poor job compared to French engineers, id.; he said that Puerto Rican employees were not permitted to have the benefit of a company car because that benefit is only for French employees, id. at p. 9; defendant Deterre granted benefits to employees of a different national origin than plaintiff Irizarry while denying her similar benefits, id. at pp. 9, 12-13; and when plaintiff Irizarry complained about these discriminatory actions, defendant Deterre gave her a poor work evaluation and informed her that she would not have a future with the company.  Id. at p. 8.

Civil No. 12-1098 (FAB)                                                  4

### B.   Procedural History

On February 14, 2012, plaintiff Irizarry filed a complaint against her employer, defendant Essilor, alleging, *inter alia*, national origin discrimination, harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; and age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. (Docket No. 1 at pp. 18-19.)  In addition to her Title VII and ADEA claims, plaintiff Irizarry pled against both defendants (1) state law claims for discrimination pursuant to Law 100;(2) retaliation pursuant to Law 115; and (3) a state tort claim. (Docket No. 1. at pp. 20-23.)  On January 18, 2013, defendants brought a Rule 12(b)(6) motion to dismiss arguing:  (1) that Title VII and the ADEA statutes do not provide an avenue for individual liability; and (2) that because no federal claim exists as to defendant Deterre, the Court does not enjoy jurisdiction over him.  (Docket No. 24.)  Plaintiff Irizarry opposed defendants' motion to dismiss on January 21, 2013.  (Docket No. 25.)  In her reply, she points out that she only named her employer defendant Essilor in the Title VII and ADEA claims and did not include defendant Deterre as a co-defendant.  Id. at p. 1.  Plaintiff Irizarry does not dispute individual liability under Title VII or ADEA; indeed, in her complaint, she seeks for the Court to exercise supplemental jurisdiction over the state law claims against defendant Deterre,

contending that those claims arise out of the same nucleus of operative facts as the Title VII and ADEA claims that invoked original jurisdiction.[3]  Id. at p. 2.

On January 25, 2013, defendants filed a reply to plaintiff Irizarry's opposition. (Docket No. 28.)  In their reply, they reiterate the same conclusory argument that the Court should dismiss the state law claims against defendant Deterre simply because there is no individual liability under Title VII or ADEA claims. Id. at pp. 1-2. Additionally, defendant Deterre raises a new argument questioning the sufficiency of the pleading of plaintiff Irizarry's Law 115 retaliation claim.[4] Id. at p. 3.  In plaintiff Irizarry's sur-reply, she re-alleges the facts in her complaint, and cites legal authority for her position that the Court should exercise supplemental jurisdiction.  (Docket No. 31 at pp. 1-8.)

---

[3] She argues that supplemental jurisdiction exists under 28 U.S.C. § 1367, and that the Court can hear the claims arising under the laws of Puerto Rico against both defendant Essilor and against defendant Deterre in his individual capacity.  (Docket No. 28.)

[4] The Court notes that pursuant to Local Rule 7(c), a reply memorandum "shall be strictly confined to replying to new matters raised in the objection or opposing memorandum."  In defendants' original Rule 12(b)(6) motion, they failed to address the sufficiency of the pleadings in plaintiff Irizarry's complaint. Instead, they chose to limit the grounds for their Rule 12(b)(6) motion to the claims against defendant Deterre based on a lack of individual liability under Title VII and ADEA. The defendants' new arguments raised in their reply memorandum, therefore, cannot properly be considered. See Local Rule 7 (c).

## II.  RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint that fails to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, a "court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom."  R.G. Fin. Corp. v. Vergara–Nuñez, 446 F.3d 178, 182 (1st Cir. 2006).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim."  Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 11 (1st Cir. 2011).  When faced with a motion to dismiss, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."  Id. at 12 (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009)).  Any "[n]on-conclusory factual allegations in the complaint[, however,] must . . . be treated as true, even if seemingly incredible."  Ocasio–Hernandez, 640 F.3d at 11 (citing Iqbal, 129 S.Ct. at 1951).  Where those factual allegations "'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility."  Ocasio–Hernandez, 640 F.3d at 11 (quoting Iqbal, 129 S.Ct. at 1949).  Furthermore, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely.'"  Ocasio–Hernandez, 640 F.3d

Civil No. 12-1098 (FAB)                                                 7

at 13 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  The relevant inquiry, therefore, "focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernandez, 640 F.3d at 13.

## III. DISCUSSION

### A.   Title VII and ADEA Claims Against Defendant Deterre

Defendants' Rule 12(b)(6) motion is limited to a single defense, that because individual liability is not available under Title VII and the ADEA, the state law claims against defendant Deterre should be dismissed.  (Docket No. 24 at pp. 4-5.)  The Court finds defendants' argument unavailing, however, because plaintiff Irizarry never brought a Title VII or ADEA claim against defendant Deterre in the first place.  (Docket No. 1 at pp. 18-20.) Defendant Deterre's motion to dismiss the Title VII and ADEA claims is therefore moot.

Defendant Deterre further contends that because he can not be a party to the federal claims that invoked original jurisdiction pursuant to 28 U.S.C. § 1331, the Court has no jurisdiction over the state law claims alleged against him. Relying on Newman v. Burgin, 930 F.2d at 955, 963 (1st Cir. 1991), defendant Deterre would have the Court believe that without a federal question against defendant Deterre, the Court lacks a basis for holding jurisdiction over the state law claims against him.

(Docket No. 24 at p. 7.)  Defendant Deterre's interpretation of Newman, however, is misplaced.  In Newman, a plaintiff invoked the court's original jurisdiction under a federal Due Process claim and brought state law claims against plaintiff's co-workers for tortious interference with a contract and slander.  930 F.2d at 955.  The district court dismissed the Due Process claim at summary judgment, thereby eliminating the federal question which had invoked its original subject matter jurisdiction.  This left only the state law claims against the plaintiff's co-workers, and the court reasoned that without a substantial federal question it would not exercise jurisdiction over the remaining state law claims.  Id. at 963.  In contrast to Newman, in this case the Court still enjoys original jurisdiction over plaintiff Irizarry's Title VII and ADEA claims against defendant Essilor because they present a federal question.  Accordingly, Newman is not applicable.

Given that the Court enjoys original jurisdiction over her federal claims against defendant Essilor, plaintiff Irizarry requests that the Court exercise supplemental jurisdiction over the state law claims against defendant Deterre.  She contends that supplemental jurisdiction is appropriate because both the state and federal claims against defendant Essilor and defendant Deterre are founded on the same operative set of facts.  (Docket No. 25 at p. 2.)  The Court thus turns to an analysis of whether exercising

supplemental jurisdiction over the state law claims brought against defendant Deterre is warranted.

**B.   State Law Claims Against Defendant Deterre**

The Court finds that exercising supplemental jurisdiction over the state law claims against defendant Deterre is appropriate because they arise from the same nucleus of operative fact as her Title VII and ADEA claims against defendant Essilor.  Pursuant to 28 U.S.C.§ 1367(a), a district court may exercise supplemental jurisdiction over a claim that is "so related to claims in the action within such original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution."  Because neither cause of action has been dismissed, the Court has original jurisdiction over plaintiff Irizarry's Title VII action for national origin discrimination and retaliation as well as her ADEA action for age discrimination against defendant Essilor.  In the pleadings, plaintiff Irizarry bases her Title VII and ADEA claims on the actions of her supervisor, defendant Deterre.  She alleges that he treated younger employees more favorably than her because of her old age; made derogatory comments regarding her age; explained that because of her age she would not advance in the company; and denied benefits to plaintiff Irizarry that were granted to an employee of a different national origin. (Docket No. 1 at pp. 5-15.)  Plaintiff Irizarry also contends that when she reported these instances to human resources, she received

Civil No. 12-1098 (FAB)                                               10

a negative job evaluation, and her future in the company was threatened. Id. at p. 8. Plaintiff Irizarry bases the grounds for her state law claims against defendant Deterre on the same facts pleaded in her Title VII and ADEA complaint against defendant Essilor. Id. at pp. 1-17. Because plaintiff Irizarry's federal and state law claims are based on the actions of defendant Deterre, the Court finds that both claims are substantially related and arise out of the same set of operating facts. In the exercise of its discretion, therefore, the Court finds that supplemental jurisdiction over the state law claims against defendant Deterre is warranted, pursuant to 28 U.S.C. § 1367. See Vera-Lozano v. Int'l. Broadcasting, 50 F.3d 67, 70 (1st Cir. 1995). Accordingly, defendants' motion to dismiss the state law claims against defendant Deterre is **DENIED.**

**IV.   CONCLUSION**

For the reasons discussed above, the Court **DENIES** the defendants' motion to dismiss and exercises supplemental jurisdiction over plaintiff Irizarry's state law claims against defendant Deterre.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 13, 2013.

                                        s/ Francisco A. Besosa
                                        Francisco A. Besosa
                                        United States District Judge