IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SOBEIDA IRIZARRY-SANTIAGO,

**Plaintiff**,

v.

ESSILOR INDUSTRIES, division of ESSILOR INTERNATIONAL and FRANCOIS DETERRE,

**Defendant.**

**Civil No.** 12-1098 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendants Essilor Industries and Francois Deterre's motion to strike an expert witness. (Docket No. 65.) Having reviewed defendants' motion, plaintiff Sobeida Irizarry-Santiago's response in opposition, (Docket No. 70), defendants' reply, (Docket No. 73), and plaintiff's sur-reply, (Docket No. 78), the Court **GRANTS** defendants' motion and excludes plaintiff's expert.

**BACKGROUND**

On August 3, 2012, the Court issued a Case Management Order in which it directed the parties to file, by September 28, 2012, a joint case management memorandum addressing "[e]ach party's facts and expert witnesses" and including "the expert witnesses' *curriculum vitae* and a summary of the expert's testimony and opinions." (Docket No. 16 at pp. 2-3.) The Court also set the

Civil No. 12-1098 (FAB)                                                 2
_____

close of discovery for July 5, 2013.  Id. at p. 8.  One month later, the parties exchanged mandatory disclosures pursuant to Fed. R. Civ. P. 26.  In the parties' joint initial scheduling conference memorandum, plaintiff indicated in the "Experts" section only that she "will rely on treating physicians."  (Docket No. 22 at p. 54.)  Defendants have also informed the Court that (1) plaintiff's answers to defendants' written discovery requests — dated April 16, 2013, and (2) plaintiff's deposition — dated April 24, 2013, indicated that plaintiff would rely exclusively on treating physicians and "did not make mention of any experts."  (Docket No. 65 at p. 2.)  The record's only arguable indication as to a potential expert witness, therefore, occurred at a hearing held before the Court on May 1, 2013; In that hearing, the Court set the depositions of "other witnesses and experts" for June 11-14, 2013.[1]  Neither party announced the identity of an expert at that time, however, and plaintiff waited until May 23, 2013 — more than three weeks later — to ultimately disclose Dr. Victor Llado as an expert psychiatrist.  (Docket No. 65-1 at p. 2; Docket No. 78 at p. 2.)

    Defendants seek to strike Dr. Llado as plaintiff's expert witness, claiming that plaintiff's disclosure is untimely and

---

[1] Defendants dispute that plaintiff disclosed at the May 1st hearing any intention of hiring an expert.  (Docket No. 65 at p. 2) ("[D]uring the hearing . . . the Court inquired as to pending discovery, and [p]laintiff made no mention of retaining any experts, and mentioned only two (2) treating physicians.")

Civil No. 12-1098 (FAB)                                                3
_____

prejudicial pursuant to the Federal Rules of Civil Procedure and First Circuit Court of Appeals case law.

## DISCUSSION

### I.  Standard

The Federal Rules of Civil Procedure 26 ("Rule 26") and 37 ("Rule 37") provide the basic framework for disclosure of experts. Together, the rules "operate to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and are designed to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent." Gay v. Stonebridge Life Ins. Co., 660 F.3d 58, 62 (1st Cir. 2011) (internal quotation marks and citations omitted). Rule 26 requires a party to disclose to other parties the identity of any person who may be used at trial to present expert evidence. Fed. R. Civ. P. 26(a)(2)(A).  Where a district court has established a disclosure date, a party must disclose the expert's identity at that ordered time. Id. at (a)(2)(D).  If a party's expert disclosure is untimely, the party is not allowed to use that witness or relevant expert information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001) (granting defendant's motion to strike and excluding expert's affidavit at summary judgment stage where it was

Civil No. 12-1098 (FAB)                                                 4

not adequately disclosed by plaintiff during the discovery process).

Failure to comply with Rule 26 warrants a baseline sanction of preclusion, which is not a "strictly mechanical exercise." Esposito v. Home Depot U.S.A., 590 F.3d 72, 77 (1st Cir. 2009); Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este, 456 F.3d 272, 276 (1st Cir. 2006) (explaining that in its discretion, the district court may choose a less severe sanction); see also LaPlace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002) ("[D]istrict courts have broad discretion in meting out . . . sanctions for Rule 26 violations.") (citation omitted).  Where a district court does opt in favor of preclusion, it is well-advised to take into consideration the following factors:  (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects — e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket. Esposito, 590 F.3d at 77-78.

**II. Analysis**

In this case, the Court established a disclosure date of September 28, 2012.  (See Docket No. 16 at p. 2 & 22.)  Thus, plaintiff's May 23, 2013 disclosure of Dr. Llado as an expert

Civil No. 12-1098 (FAB)                                                 5

witness was untimely, and plaintiff is not allowed to use that witness or relevant expert information "unless the failure was substantially justified or is harmless."  See Fed. R. Civ. P. 37(c)(1); Gay, 660 F.3d at 62.

The Court does not find plaintiff's untimely disclosure to be substantially justified or harmless.  First, throughout the history of the case, plaintiff has repeatedly failed to inform the parties or the Court of her intention to retain an expert witness.  In the parties' joint initial scheduling conference memorandum dated September 28, 2012, plaintiff indicated only that she "will rely on treating physicians," and she neglected altogether to reveal any intention to hire an expert.  (See Docket No. 22 at p. 54.) Defendants have informed the Court that both plaintiff's answers to defendants' written discovery requests and plaintiff's deposition — both of which occurred in April, 2013 — were silent as to the intent to retain any expert witnesses.  (Docket No. 65 at p. 2.) Finally, plaintiff recently failed to disclose her expert witness at the May 1, 2013 hearing.  The Court declines to subscribe to defendants' interpretation of plaintiff's omission as an affirmative, "bad faith" concealment of the expert; the history of the litigation, however, does weigh in favor of preclusion by demonstrating plaintiff's consistent silence as to any intention of retaining an expert.

Civil No. 12-1098 (FAB)                                                    6

    Second, the Court agrees with defendants that plaintiff's need for Dr. Llado's testimony is not "great." (See Docket No. 73 at p. 5.) Dr. Llado, as an expert psychiatrist, would likely "provide relevant scientific and psychological evidence concerning the diagnosis and prognosis, . . . and the emotional situation of Sobeida Irizarry." (Docket No. 70 at p. 2.) That testimony is likely to be duplicative, however, because plaintiff's two treating physicians may also testify as to plaintiff's psychological state. Additionally, plaintiff Irizarry may also testify about the damages she alleges to have suffered. Dr. Llado's testimony is not essential to the success of plaintiff's case, therefore, and plaintiff's lack of need for the precluded evidence weighs in favor of preclusion.

    Third, plaintiff's justifications for her late disclosure are unpersuasive. She points to the facts that numerous attorneys have represented plaintiff throughout the course of the litigation; that plaintiff's current attorneys assumed the case only recently in March 2013; and that plaintiff encountered difficulties in finding, interviewing, and retaining an expert as reasons justifying her untimely disclosure. (Docket No. 70 at p. 2.) Those explanations are unavailing. The search for and vetting process of an expert is intuitively inherent to any party wishing to present expert testimony; plaintiff's search for Dr. Llado is no exception. Moreover, a lawyer assumes a case as he or she finds it, and a

Civil No. 12-1098 (FAB)                                                7

party may not alter the case's schedule — which, as discussed below, is purposely set early on by the Court — each time he or she deems it fit to hire new representation.  The Court rejects all of plaintiff's proposed explanations for her failure to produce an expert until May 23, 2013, and thus the third factor favors preclusion.

Fourth, although discovery remains open until July 5, 2013, the challenge to defendants' ability to overcome the late and incomplete disclosure's adverse effects also leans in favor of preclusion.  Plaintiff revealed the identity of Dr. Llado as an expert on May 23, 2013, and she admits that as of today, she still has not provided an expert witness report.[2]  (Docket No. 78 at p. 3.)  The failure to disclose an expert report entirely prevents defendants from conducting appropriate discovery regarding the expert's opinions and the basis for those conclusions.  Moreover, the delay in disclosing the identity of the expert until two-and-a-half weeks before the last scheduled depositions in the case, and six weeks before the close of all discovery, deprives defendants of an appropriate amount of time to prepare for the deposition of the expert, "challenge his credentials, solicit expert opinions of its

---

[2] Plaintiff's failure violates Rule 26, which provides that a party seeking to introduce expert testimony at trial must disclose to the opposing party a written report that includes "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i).

Civil No. 12-1098 (FAB)                                                  8
_____

own,[3] or conduct expert-related discovery."  See Lohnes, 272 F.3d at 60 (holding that "[t]his is exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate.")  The prejudice to defendant, therefore, is obvious.

Finally, the Court long ago established firm dates for the conclusion of discovery, motions for summary judgment, joint pretrial orders, pretrial and settlement conferences, and — ultimately — trial.  (See Docket No. 16 at p. 22.)  Any extension of the discovery deadline would upset the Court's already heavy docket and busy trial calendar.  As the Ninth Circuit Court of Appeals has indicated, "[d]isruption to the schedule of the [C]ourt and other parties . . . is not harmless."  Wong v. Regents of University of California, 410 F.3d 1052, 1062 (9th Cir. 2005).  "In these days of heavy caseloads, trial courts . . . routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases."  Id. at 1060.  "As the torrent of civil and criminal cases unleashed in recent years has threatened to

_____
    [3] The Court is unpersuaded by the argument that plaintiff's last minute disclosure prejudices defendants' decision "not to retain an expert in this matter" and that "[h]ad [p]laintiff timely announced that she would rely on expert testimony[,] [d]efendants would have also made arrangements to retain an expert or experts." (Docket No. 65 at p. 3.)  In its Case Management Order dated August 3, 2012, the Court made clear that each party's retainer of an expert witness must be done independently of its opponent's expert witness strategy.  (Docket No. 16 at p. 3.) ("The Court will not permit a party to avoid this requirement by stating that it will announce its expert witnesses once another party announces its expert witnesses, or once another party's expert witnesses produce their expert witness reports.").

Civil No. 12-1098 (FAB) 9

inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 611 (9th Cir. 1992). "A scheduling order[,] [therefore], is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. at 610 (citations and internal quotation marks omitted). "Parties must understand that they will pay a price for failure to comply strictly with scheduling . . . orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong, 410 F.3d at 1060.

Accordingly, the Court finds that plaintiff's untimely and incomplete disclosure of Dr. Victor Llado as an expert witness is neither substantially justified nor harmless, and preclusion is warranted.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** defendants' motion to strike Dr. Victor Llado as plaintiff's expert, (Docket No. 65).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 30, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE